FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 20  PM 4: 38

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| JEROME HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV406-206 |
| | ) | |
| DETECTIVE GAVIN, and | ) | |
| SHA'NETHRA SAVAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a detainee at the Chatham County Jail, has been granted leave to proceed in forma pauperis with a 42 U.S.C. § 1983 complaint alleging the wrongful disposition of his seized property by a police detective. Doc. 1.

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal because the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b).  The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that following his arrest on February 23, 2006, he was placed in the Chatham County Detention Center.[1]  Two weeks later plaintiff spoke with Detective Gavin, who promised to assist plaintiff in securing the release of his car (which was apparently impounded at the time of plaintiff's arrest) to his father, Jerome Hill, Sr.  Plaintiff claims that instead of being released to his father, his car was released to Sha'Nethra Savage, a neighbor of his father.  Plaintiff demands that either the car be turned over to his father or that he be compensated for the value of the car ($2,000) and for its usage and any damage caused by defendant Savage.

The United States Supreme Court has held that the unauthorized intentional deprivation of property by a police officer does not constitute a violation of the due process clause, provided state law affords a meaningful post-deprivation remedy for the loss which the aggrieved prisoner may pursue. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); see also Parratt v.

---

[1]Plaintiff previously submitted an almost identical complaint that was dismissed on July 11, 2006.  See CV406-120.

Taylor, 451 U.S. 527, 539 (1981) (negligent loss of property not actionable where adequate state remedy exists); Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (Georgia "'has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law.'") (citation omitted). Thus, neither a negligent nor an intentional deprivation of property by a police officer vests a § 1983 cause of action in an inmate so long as an adequate remedy exists under state law. Here, plaintiff has not alleged that he has pursued any state remedy or that the available state remedies are inadequate.[2] Thus, plaintiff has not stated a cognizable cause of action under § 1983 against Detective Gavin.

Plaintiff also fails to state a colorable § 1983 claim against defendant Savage, for private citizens are generally not subject to suit under § 1983. See Parratt, 451 U.S. at 535; Daniels v. Williams, 474 U.S. 327 (1986); Harris v. McDonald's Corp., 901 F. Supp. 1552, 1557 (M.D. Fla. 1995) (§ 1983 applies only to conduct performed under color of state law and "does

---

[2] Georgia law clearly provides a post-deprivation remedy for the unlawful deprivation of property by a police official. O.C.G.A. §51-10-01 (recognizing a cause of action in tort for the wrongful deprivation of property).

not reach purely private conduct.").

Accordingly plaintiff's complaint fails to state a claim upon which relief may be granted and should be **DISMISSED** pursuant to § 1915A.

**SO REPORTED AND RECOMMENDED this** $20^{TR}$ **day of September, 2006.**

<u>_M Smith_</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**